IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| JEFFREY MARTEN, | ) | |
| Plaintiff, | ) | Civil Action No. 14-283ERIE |
| | ) | |
| v. | ) | |
| | ) | |
| SHELLY L. DYNE, | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

## MEMORANDUM OPINION

**A. Relevant Procedural History**

Plaintiff, acting *pro se*[1], has filed a motion seeking a temporary restraining order or preliminary injunction. ECF No. 29. In his Amended Complaint, Plaintiff complains that Defendant Dyne retaliated against him conducting an illegal cell search and destroying his personal property in October of 2014. As relief, Plaintiff seeks monetary damages.

In his motion for preliminary injunctive relief, Plaintiff complains that Defendant Dyne

---

[1] *Pro se* pleadings, however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

continues to harass him and retaliate against him. Plaintiff claims that Defendant Dyne accessed his Integrated Case Summary[2] ("ICS") and distributed it to at least one fellow inmate in an effort to have other inmates attack Plaintiff. Plaintiff also claims that Defendant Dyne recently revealed sensitive information to a group of inmates in the yard. As relief, Plaintiff seeks an order from this Court restraining Defendant Shelley Dyne's access to Plaintiff's confidential information. ECF No. 38.

This Court held an evidentiary hearing on this matter on November 10, 2015. At the hearing, testimony was taken from several witnesses including Plaintiff Jeffrey Marten, Defendant Shelly Dyne, Lt. Dickey, Captain Gill, and Officer Moore.[3] Evidence presented supported that Plaintiff's ICS was in the possession of inmate Davis, but there was conflicting evidence as to whether Defendant Dyne gave the ICS to inmate Davis.

Since the evidentiary hearing, the parties have filed several documents relating to the hearing itself. ECF No. 39; ECF No. 40; ECF No. 41.The parties dispute certain testimony given at the hearing and both sides admit that errors were made. Although the parties may continue to disagree as to some of these matters, these disputes are not relevant to the resolution of Plaintiff's motion for preliminary injunctive relief.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568

---

[2] The ICS contained confidential and personal information such as names and addresses of family members, criminal history, and psychological reports.

[3] Prior to the evidentiary hearing, Plaintiff was allowed to submit the Declarations of Glenn Davis and Richard Cromheecke. ECF No. 34.

(Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). See also Glossip v. Gross, ___ U.S. ___, ___, 135 S.Ct. 2726, 2736-37 (June 29, 2015) quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.App'x 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. Because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that they likely face irreparable harm in the absence of the injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000); Hohe v.

3

Casey, 686 F.2d 69, 72 (3d Cir. 1989). The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Neo Gen Screening, 69 Fed.App'x at 554.

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statue. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A).

The statute further instructs that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity … in tailoring any preliminary relief.

18 U.S.C.A. § 3626(a)(2).

Moreover, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but … at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be issued only sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for any form of mandatory prospective relief in the prison context "must always be viewed with great caution because judicial restraint is specially called for in dealing with the

complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

### C. Plaintiff's Motion for Preliminary Injunctive Relief

Plaintiff specifically requests that this Court issue an order precluding Defendant Dyne from accessing Plaintiff's confidential information. This Court is disturbed that a sensitive document found its way into a fellow inmate's hands. However, this does not provide the basis upon which preliminary injunctive relief can be granted.

*Prong One*

Plaintiff's request for injunctive relief is not related to the alleged constitutional violations of the underlying complaint in this civil rights action. The subject of Plaintiff's complaint is a specific and discreet event that occurred in October of 2014, while the subject of the request for injunctive relief occurred almost a year later, in September of 2015. Because the injunctive relief sough is separate from the allegations of the underlying complaint, Plaintiff cannot demonstrate that there is any likelihood of success on the merits. See Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) (for preliminary injunctive relief to be granted, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Banks v. Good, 2011 WL 2437061 (W.D. Pa. Apr. 20, 2011); Report and Recommendation adopted, 2011 WL 2418699 (W.D. Pa. June 14. 2011);

5

Spencer v. Stapler, 2006 WL 2052704, at *9 (D.Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., 96 WL 255912, at *1 (E.D. La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action.").

*Prong Two*

Plaintiff has not demonstrated that he will suffer irreparable harm. Although he has alleged in this and another lawsuit that Defendant Dyne is intent on causing him physical harm, Plaintiff has not demonstrated that he faces imminent harm directly related to the actions of Defendant Dyne.

Plaintiff has failed to meet his burden to demonstrate that he has a likelihood of success on the merits of his claims and that he faces an irreparable harm in the absence of the injunction. His failure in this regard is fatal to his motion for preliminary injunctive relief. See Adams, 204 F.3d at 484 (explaining that because a preliminary injunction is an extraordinary remedy, the party seeking it must show, at a minimum, a likelihood of success on the merits **and** that he likely faces irreparable harm in the absence of the injunction).

*Prongs Three and Four*

Finally, granting this injunctive relief would effectively have the federal courts making ad hoc, and individual, decisions concerning the treatment of a single prisoner, and could harm both the Defendant and the public's interest. In the prison context, the Defendant's interest and the public's interest in penological order could be adversely affected if the court were to dictate

the treatment of a single inmate, one inmate out of thousands in the state system. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and … whether granting the preliminary relief will be in the public interest," Gerardo v. Pellulo, 16 F.3d 1363, 1373 (3d Cir. 1994), also weigh heavily against Plaintiff in this case.

    An appropriate Order follows.